UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
BEVERLY DIANE JOSEPH,

                Plaintiff,             **MEMORANDUM & ORDER**

        - against -             15-CV-5677(KAM)(PK)

CAMBA/FJC BLACK SECURITY GUARD,

                Defendant.
------------------------------------X

**MATSUMOTO**, United States District Judge:

      Plaintiff Beverly Joseph commenced this case on September 1, 2015, alleging that a security guard at the CAMBA Magnolia House Women's Shelter violated her rights.[1] (Complaint, ECF No. 2 at 3-4.) She requests "Relief of [$]900 Billion Dollars and Total Deportation[.]" The court dismisses this case for lack of prosecution and for failure to follow court orders, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

### Background

      Judge Loretta Preska, formerly Chief Judge of the Southern District of New York, transferred this case to the Eastern District of New York on September 14, 2015. (Transfer Order, ECF No. 3.) On October 9, 2015, the undersigned judge granted plaintiff's motion to proceed *in forma pauperis*, and

---

[1] Plaintiff has attached a number of documents to her complaint, some of which appear to be personal medical or financial documents that do not clearly relate to the claims made in the complaint.

summons were issued to defendant CAMBA on the same day. (ECF Nos. 6, 7.) The summons was returned unexecuted on December 27, 2015, with a note that they must be "sen[t] to legal department." (ECF No. 8 at 1.) Since that date, plaintiff has failed to respond to three court orders issued by Magistrate Judge Peggy Kuo: an October 18, 2017 order to "provide the Court . . . with a corrected or updated address" for service; a December 11, 2017 Order to Show Cause "why this case should not be dismissed for failure to prosecute"; and a February 9, 2018 Order to Show Cause regarding plaintiff's "failure to comply" with the prior two orders and again ordering plaintiff to show cause "why this case should not be dismissed for failure to prosecute." (ECF Orders of October 18, 2017; December 11, 2017; and February 9, 2018.) All orders were mailed to *pro se* plaintiff. (*Id.*)

### Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (explaining Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as

2

failure to prosecute." (citing *Link v. Wabasha R.R. Co.*, 370 U.S. 626, 633 (1962)) (additional citation omitted)).

The Second Circuit has identified five factors to assess in determining whether dismissal is proper: whether "(1) the duration of plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) [whether the court] adequately assessed the efficacy of lesser actions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Generally, no single factor is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014).

**Discussion**

As applied to this case, the *Drake* factors weigh heavily in favor of dismissal. Plaintiff has failed to respond to court orders, or take any action, since the summons was returned unexecuted on December 27, 2015. Since the court's December 11, 2017 Order to Show Cause, plaintiff has been on notice that a failure to take any action could result in the dismissal. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-67 (2d Cir. 1980) (noting failure to take action to move

3

case forward for six months warranted Rule 41(b) dismissal); *Sadhoo v. Triport International Aircraft Ground Equipment Repairs, Inc.*, No. 15-cv-2832, 2016 WL 3752959, at *2 (E.D.N.Y. June 14, 2016), *report and recommendation adopted,* No. 15-cv-2832, 2016 WL 3766299 (E.D.N.Y. July 8, 2016) (finding plaintiff's failure to communicate with the court or counsel for over three months militated in favor of Rule 41(b) dismissal). Furthermore, as detailed above, plaintiff has had ample notice that the court might dismiss this action for failure to prosecute, and has failed even to respond to those orders to request more time or otherwise indicate an interest in pursuing this case. (*See* ECF Orders of October 18, 2017; December 11, 2017; and February 9, 2018.) The court concludes that, given the court's congested calendar and plaintiff's apparent disinterest in pursuing this case, even when prompted by the court, dismissal is warranted.[2] *See Davis v. Town of Hempstead,* 597 F. App'x 31, 31 (2d Cir. 2015) (finding multiple extensions and three opportunities to be heard sufficient when weighed against need to alleviate court congestion).

**Conclusion**

---

[2] The third *Drake* factor, relating to prejudice to defendants from delay, is neutral in this case, as CAMBA has neither served nor appeared. Nevertheless, for the reasons stated above, dismissal is warranted.

For the foregoing reasons, the balance of all of the *Drake* factors weighs heavily in favor of dismissal. The action is dismissed with prejudice for failure to prosecute. The Clerk of the Court is respectfully directed to enter judgment dismissing this action, to serve *pro se* plaintiff with a copy of this order and judgment, to note service on the docket, and to close the case.

**SO ORDERED.**

Dated:  April 24, 2018
        Brooklyn, New York

                                        /s/
                                Kiyo A. Matsumoto
                                United States District Judge